IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIRST AMERICAN BANK,**

    Plaintiff,

v.                                                         Case No. 1:25-cv-00333-WJ-JFR

**KASHI HOSPITALITY LLC, KISHOR
K. VIRANI, ASHOK BALUBHAI UKANI,
VINAYAK DHIRAJLAL KATHROTIA, HOTEL
GP ILIFF ABQ, LLC, GOPI D. PATEL,
SUBHASH T. NAIK, and SHIVAM R. PATEL,**

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court upon Defendants Hotel GP Iliff ABQ, LLC, Gobi D. Patel, and Subhash T. Naik's ("Hotel GP Defendants") Motion to Remand this removed diversity action to state court. **[Doc. 14]**. Plaintiff and Defendants Kashi Hospitality, LLC ("Kashi Hospitality"), Kishor K. Virani, Ashok Bulabhai Ukani, and Vinayak Dhirajlal Kathrotia ("Kashi Hospitality Defendants") oppose the Motion. **[Docs. 21, 22]**. Having reviewed the relevant pleadings and the applicable law, the Court finds Hotel GP Defendants' Motion to Remand is well-taken, and is therefore **GRANTED**, and this action is **REMANDED** to state court.

### BACKGROUND

Plaintiff filed suit in the Second Judicial District Court, Bernalillo County, New Mexico on February 21, 2025, alleging claims of breach of contract and guarantor liability in connection with the financing of a transaction involving the sale and purchase of a Motel 6 property in Albuquerque. **[Doc. 1-1]**. Kashi Hospitality was served with the complaint on March 4, 2025, and on April 3, 2025, timely filed a notice of removal ("Notice of Removal"), **[Doc. 1],** pursuant

to 28 U.S.C. § 1441.  **[*Id.* at 2 ¶ 6]**; *see* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ."). On April 25, 2025, Hotel GP Defendants filed a notice of non-consent to removal, **[Doc. 15]**, and moved to remand the case to state court, **[Doc. 14]**, asserting that removal was procedurally defective for failure to obtain the consent of all defendants.  *See* 28 U.S.C. § 1446(b)(2)(A).  Kashi Hospitality Defendants and Plaintiff each filed objections to the Motion to Remand.  **[Docs. 21, 22]**.

Following removal, Hotel GP Defendants filed an answer in this Court addressing the allegations in the complaint and asserting a host of crossclaims against Kashi Hospitality Defendant.  Hotel GP Defendants seek indemnification and damages based on breach of contract, unjust enrichment, negligent misrepresentation, negligence, fraud, constructive fraud, business interruption, loss of opportunity, breach of the covenant of good faith and fair dealing, breach of the New Mexico Unfair and Unconscionable Trade Practices Act, civil conspiracy, conversion. They also seek rescission of the transaction. **[Doc. 19]**.  Although there is some disagreement about the nexus between these crossclaims and Plaintiff's claims for relief, the parties do not seem to dispute that at base, they arise out of the same transaction — the purchase and sale of the Motel 6 property.  **[*See* Doc. 22 at 5–6; Doc. 21 at 3]**.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served" at the time a notice of removal is filed "must join in

2

or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

"The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172–73 (D.N.M. 2007) (quoting *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). This rule is commonly known as the "unanimity rule." *Gladstone Indus. Corp. v. Fair and Fast Logistics, Inc.*, No. 25-cv-665, 2025 WL 3281821, at *2 (D.N.M. Nov. 25, 2025).

In general, a party has the right to move to remand "on the basis of any defect . . . within 30 days after the filing of the notice of removal under section 1446(a)," and may move to remand due to lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). Because the unanimity rule is procedural, not jurisdictional, objections based on the rule may be waived if not raised within 30 days of notice of removal. 28 U.S.C. § 1447(c); *Idemudia v. J.P. Morgan Chase*, 434 F. App'x 495, 498 n.2 (6th Cir. 2011); *Flagler v. Budget Rent a Car Sys.*, 538 F. Supp. 2d 557, 558 n.1 (E.D.N.Y. 2008).

A party may waive the right to seek or object to removal if they demonstrate assent to the unwanted forum's jurisdiction by affirmatively litigating in that forum. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092, 1099–1100 (10th Cir. 2017), *cert. denied*, 583 U.S. 1116 (2018); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996). A defendant waives their removal right by substantially litigating in state court after the right to removal accrues. *See Soto Enters., Inc.*, 864 F.3d at 1098–1100. Likewise, a party waives "objections to any procedural defect in removal by affirmatively litigating in federal court." *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (citing *Koehnen*, 89 F.3d at 528; *Ficken v. Golden*, 696 F. Supp. 2d 21, 26–27 (D.D.C. 2010); *Moffit v. Balt. Am. Mortg.*, 665 F. Supp. 2d 515, 517 (D. Md. 2009)). The Tenth Circuit has referred to this doctrine as "waiver by participation." *Soto Enters., Inc.*, 864

3

F.3d at 1098.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Baby C. v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

The removing defendant bears the burden of establishing federal jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The burden likewise lies with the removing defendant to show compliance with removal statute requirements, and to "explain affirmatively the absence of any co-defendants in the notice of removal." *Brady*, 504 F. Supp. 2d at 1173; *Ennix v. Abbott Lab'ys*, 794 F. Supp. 3d 1177, 1180 (S.D. Fl. 2024); *Zilahy-Welsh v. Denton*, No. 24-cv-352, 2025 WL 850151, at *3 (N.D. Okla. Jan. 30, 2025). The parties do not address whether waiver by participation is subject to a distinct burden of proof and the Court is not aware of controlling authority on this point. In any event, the Court resolves the issue based on the undisputed nature of Hotel GP Defendants' post-removal conduct.

## DISCUSSION

Kashi Defendants and Plaintiff concede that the Notice of Removal lacks consent[1] by all

---

[1] Neither Kashi Defendants nor Plaintiff contend that any defendant's consent was not required due to lack of proper joinder or service at the time of removal. *See* § 1446(b)(2)(A). So, the Court assumes consent was in fact required and, accordingly, the failure to obtain consent of all defendants is indeed a procedural defect.

4

defendants and is thus procedurally defective but contend that Hotel GP Defendants waived the ability to contest removal on that basis by asserting voluntary crossclaims seeking relief from this Court after the Notice of Removal was filed. **[Doc. 22 at 3–7; Doc. 21 at 1–3]**.

Hotel GP Defendants assert that remand is required because Kashi Defendants failed to obtain their consent prior to filing the Notice of Removal. **[Doc. 26 at 2]**. Second, they assert that Kashi Hospitality signaled an intent to continue to litigate in state court by litigating in that forum prior to filing its notice of removal. **[*Id.* at 4]**.[2] Additionally, they observe that the right to remove is limited to defendants and assert that it is "improper and nonsensical" for Plaintiff to oppose remand when it selected state court as its forum. **[*Id.* at 1]**. Finally, Hotel GP Defendants assert that they filed an answer in this Court to avoid default and that filing a responsive pleading within the time required by the Federal Rules of Civil Procedure should not result in waiver of non-consent to removal, particularly where, as here, the responsive pleading was filed after giving notice of non-consent and moving to remand. **[*Id.* at 5–7]**.

### I. Kashi Defendants Have Met Their Burden of Establishing Subject Matter Jurisdiction

Because lack of subject matter jurisdiction requires remand, the Court begins by considering whether it has subject matter jurisdiction under 28 U.S.C. § 1332. Diversity for purposes of federal jurisdiction exists where the matter in controversy "exceeds the sum or value of $75,000" and "is between . . . citizens of different States." *Id.* § 1332(a)(1).

Hotel GP Defendants do not dispute that the amount in controversy requirement is satisfied but contend that defendants are not diverse because Hotel GP Iliffe ABQ, LLC is a New Mexico limited liability company. **[Doc. 14 at 2]**. For purposes of diversity jurisdiction, however, a limited

---

[2] Upon review of the record in both this and the state court, it is not apparent what specific state-court conduct by Kashi Defendants is said to demonstrate an intent to substantially litigate. In any event, that point is unnecessary to the Court's disposition of the Motion, and the Court does not address it further.

liability company adopts the citizenship of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Elsewhere in the record, Hotel GP states that its members reside in Texas and California. **[Doc. 19 at 15 ¶¶ 2, 8–10]**. No party contends that any member is domiciled in New Mexico, where Plaintiff is a citizen. **[***See* **Doc. 1 at 3 ¶ 14]**. On this record, the Court is satisfied that Hotel GP Iliffe ABQ, LLC is not a citizen of New Mexico for purposes of diversity jurisdiction. No party asserts that any other defendant is a citizen of New Mexico. Therefore, for present purposes, the Court concludes that Kashi Defendants have met their burden of establishing diversity of citizenship.

The existence of subject matter jurisdiction, however, does not end the remand inquiry. Even where diversity jurisdiction exists, a case must be remanded if removal was procedurally defective and a timely motion to remand is filed. *See* 28 U.S.C. § 1447(c); *Brady*, 504 F. Supp. 2d at 1172–73. The Court therefore turns to whether Hotel GP Defendants waived their objection to removal by participating in federal proceedings.

### II.   Hotel GP Defendants Did Not Waive Their Right to Object to Removal Merely Because They Filed a Responsive Pleading in Federal Court

"There is no bright line rule defining what litigation conduct qualifies as 'affirmative action' sufficient to constitute acquiescence" to an unwanted forum. *Vill. Apts. Co., L.P. v. Asset Shelters Grp., Inc.*, No. 1:07-cv-817, 2008 WL 11414603, at *3 (D.N.M. Apr. 29, 2008).[3] Rather, courts examine whether a party has engaged in substantial offensive or defensive litigation conduct indicating a willingness to litigate in the forum whose jurisdiction it later seeks to contest. *Soto Enters., Inc.*, 864 F.3d at 1098. The district court has broad discretion in determining whether

---

[3] The Court notes that in *Soto*, the Tenth Circuit established two "bright-line" rules in the context of waiver by participation, but neither applies here. The Court held (1) a defendant waives its removal right where it "files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court," and (2) an exception to waiver of a defendant's removal right applies "when a state's procedural rules compel a defendant's state-court participation." *Soto Enters., Inc.*, 864 F.3d at 1099.

certain conduct constitutes sufficient acquiescence to result in waiver. *Vill. Apts. Co. L.P.*, 2008 WL 11414603, at *3 (citing *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 904 (6th Cir. 1988)).

Kashi Defendants and Plaintiff rely principally on two cases in support of their argument that waiver applies. *See Parks v. Montgomery Ward & Co.*, 198 F.2d 772 (10th Cir. 1952) and *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49 (D.D.C. 2012). These cases bear little resemblance to the facts at bar.

In *Parks,* the Tenth Circuit addressed waiver of procedural objections to removal where the plaintiff, after a full jury trial and entry of judgment in federal court, sought remand based on procedural defect. The court concluded that the plaintiff had acquiesced in federal jurisdiction by affirmatively seeking relief in federal court, rendering the belated motion to remand untimely. 198 F.2d at 774. That posture differs significantly from the present case. Here, the alleged waiver is attributed not to Plaintiff — who, notably, despite selecting state court as its forum now urges removal — but to a non-consenting defendant, and the case remains in the pleading stage. Even though the version of the removal statute extant when *Parks* was decided did not impose a time limitation on motions to remand based on procedural defects, *see* ch. 646, §§ 1447–48, 62 Stat. 869, 937–40 (1948), the same principle applies. Waiver by participation arises from substantial invocation of the federal forum on the merits, not from filing a responsive pleading after providing timely notice of nonconsent and seeking remand.

*Busby* is similarly inapposite. There, prior to seeking remand, the plaintiff "ha[d] litigated her claim in [federal] court for well over a year," filing several motions, submitting oppositions to the defendants' motions and pursuing an appeal. 841 F. Supp. 2d at 53. Therefore, *Busby* involved sustained federal-court litigation over an extended period. Hotel GP Defendants have filed only an answer and crossclaims. This limited post-removal activity looks little like the extensive

7

litigation conduct that supported a finding of waiver in *Busby*.

Notably, in both *Parks* and *Busby*, the parties seeking remand did so only after engaging in affirmative litigation conduct for many months, if not years, after the federal court had assumed jurisdiction. Here, Hotel GP Defendants moved to remand just weeks after the notice of removal was filed and well within the statutory window for objecting to procedural defects in removal. Only after doing so did they file a responsive pleading. Under these circumstances, the premise of waiver by participation is, at a minimum, doubtful. But even assuming that a party may waive its objection to removal after timely moving to remand, the litigation conduct at issue here falls far short of the conduct found sufficient to establish waiver in *Parks* or *Busby*.

The Tenth Circuit's decision in *Soto Enterprises* underscores why the conduct here is not sufficient to constitute waiver. There, a defendant filed a motion to dismiss in state court before removing the case to federal court. Looking to the relevant state court's procedural rules, the Court determined that the defendant was not required to file the motion to dismiss prior to removal. Because the motion sought disposition of the case on the merits in state court and was not compelled by the governing procedural rules, its filing "manifest[ed] a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction," thereby effecting waiver of the defendant's removal right. 864 F.3d at 1099.

But here, unlike the non-compulsory and potentially dispositive pleading in *Soto Enterprises*, Hotel GP Defendants were required to file an answer or otherwise risk default. **[***See* **Doc. 26 at 7]**. The federal rules govern civil actions after removal. Fed. R. Civ. P. 81(c)(1). Under Federal Rule of Civil Procedure 81(c), "[a] defendant who did not answer before removal must answer or present other defenses or objections" within "21 days after receiving . . . a copy of the initial pleading," "21 days after being served with the summons" or "7 days after the notice of

8

removal is filed." Fed. R. Civ. P. 81(c)(2). Compliance with that obligation — particularly where, as here, the defendant has already timely moved to remand — does not manifest a clear and unequivocal intent to submit to federal jurisdiction. *See also Busby*, 841 F. Supp. 2d at 53 ("[M]erely engaging in offensive or defensive litigation, especially when the [party] has already filed a motion for remand, does not forfeit the right to a remand.").

Kashi Defendants and Plaintiff do not dispute that the Federal Rules require a responsive pleading within 21 days of service of the complaint, Fed. R. Civ. P. 81(c)(2), and instead focus on Hotel GP Defendants' assertion of crossclaims, which they assert are "not merely defensive but affirmative in nature" and outside the scope of the complaint. **[Doc. 21 at 3; Doc. 22 at 5–6]**. Kashi Defendants suggest that, accordingly, Hotel GP Defendants could have brought these claims in a separate proceeding in state court, and the fact that they did so here demonstrates acquiescence to federal jurisdiction. **[Doc. 22 at 6]**.

It is, of course, true that crossclaims are permissive and never mandatory. Fed. R. Civ. P. 13(g). Therefore, Hotel GP Defendants were not required to assert crossclaims in their answer. However, as a matter of default, if a party wishes to assert crossclaims, it does so in its answer. *See* Fed. Rs. Civ. P. 7(a), 13(g). Moreover, there are numerous commonsense reasons why a party would raise its claims in a responsive pleading rather than a new proceeding altogether. The Court perceives at least three. (1) The Federal Rules encourage related disputes to be resolved in a single proceeding when possible. Fed. R. Civ. P. 13(g). (2) Asserting crossclaims in federal court may preserve claims that could otherwise be time-barred and avoid questions about tolling while jurisdictional issues are pending. (3) Asserting claims in an existing proceeding promotes efficiency by litigating overlapping issues in one proceeding and in a single forum. Nothing in the federal rules or in the removal statute suggests that choosing this route reflects consent to federal

9

adjudication of the merits, compared to, say, a dispositive motion accompanied by a request for a hearing.  *See Soto Enters., Inc.*, 864 F.3d at 1098; *Kolb v. Mayes Emergency Servs. Tr. Auth.*, No. 21-cv-209, 2022 WL 3654743, at *3 (N.D. Okla. Aug. 24, 2022)  (finding that "a hearing request is a clear indication that the requesting party wants to argue its position to the state court").  The crossclaims were filed as part of the same responsive pleading required by Rule 81(c) after a timely motion to remand.

Accordingly, Hotel GP Defendants have not waived their right to seek remand based on procedural defect by including crossclaims in a responsive pleading required under the federal rules.

### III. Certain Defendants' Non-Consent to Removal Renders the Removal Procedurally Defective

The removal statute provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  Hotel GP Defendants do not join in or consent to removal, and Kashi Defendants do not argue that Hotel GP Defendants were not properly joined or served.  Because unanimous consent is a statutory condition of proper removal, the removal is procedurally defective.  *See Fajen*, 683 F.2d at 333 ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.") (citing *Shamrock Oil*, 313 U.S. at 108–09; *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907 (1957)).  Given that no exception to the unanimity rule applies, and Defendants bear the burden of establishing compliance with the removal statutes, including "explain[ing] affirmatively the absence of any co-defendants in the notice of removal," the Court must resolve this defect against removal.

## CONCLUSION

Under the rule of unanimity and 28 U.S.C. § 1446(b), Kashi Defendants were required to obtain consent to removal from each served defendant.  Because they did not do so, removal is procedurally defective.

Hotel GP Defendants' Motion to Remand is **GRANTED** and the case is remanded to Second Judicial District Court, County of Bernalillo, State of New Mexico.

**SO ORDERED.**

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE